THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-17-18-R |
| | ) | |
| BILLY JOE JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court in in receipt of a letter from Defendant dated January 11, 2021 (Doc. No. 34), wherein he asks the Court to reconsider granting him compassionate release. The Court construes the letter as a motion and for the reasons set forth herein, dismisses the motion for lack of jurisdiction.[1]

On December 14, 2020, the Court received a letter from Defendant Jenkins that it construed as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On December 16, 2020, the Court dismissed the request for lack of jurisdiction, because Mr. Jenkins did not indicate in the letter that he had exhausted his administrative remedies, specifically noting the absence of any indication that Defendant requested that the warden file such a motion on his behalf.

Defendant returns to the Court and seeks reconsideration, including in his materials the request he made to the warden on December 2, 2020, and the warden's request for

---

[1] Defendant should file any subsequent requests via motion rather than letter.

additional information in response, specifically a description of the alleged exigent circumstances Mr. Jenkins believed supported compassionate release and a proposed release plan. According to Defendant he responded on December 21, 2020, and the warden responded on December 31, 2020.[2] The second response from Warden Joyner denied Mr. Jenkins' request that a motion be filed on his behalf, indicating that his request was still missing those two elements. The December 21, 2020 Memorandum from Warden Joyner included the following:

> If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of this receipt of this response.

Doc. No. 34-2.

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); see also 18 U.S.C. § 3582(c)(1)(A). The Court may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL

---

[2] The Memorandum from the warden is dated December 21, 2020, but Defendant states he received it on December 31, 2020.

7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days").

Defendant's current motion was filed more than thirty days after his request to the warden.[3] Defendant, however, did not completely exhaust his administrative remedies, because the warden responded within 30 days of Defendant's request, and Defendant did not appeal the denial of his request. "[I]f the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. Olsson*, No. 13-CR-2051 KWR, 2020 WL 6869979, at *1 (D.N.M. Nov. 23, 2020); *see also Id.* at *2 (concluding that the court "is precluded from granting [defendant's] request for release" because defendant failed to fully exhaust all administrative rights to appeal after he "received an answer within thirty days by the warden"). Because Defendant fails to establish exhaustion under § 3582(c)(1)(A), the Court lacks jurisdiction to consider his request.

Sentence modification under § 3582(c)(1)(A) requires that a movant show exhaustion or lapse as the statute describes. Although Defendant believes he meets that exhaustion requirement, he fails to allege facts showing that he fully exhausted his rights to appeal the warden's timely denial. This failure deprives the Court of jurisdiction to consider Defendant's motion.

For the reasons set forth herein, Defendant's Motion for Release is dismissed without prejudice.

---

[3] Clearly from the dates set forth above his original letter, construed as a motion, was premature.

**IT IS SO ORDERED** this 12th day of February 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE